# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Dexter Farlough,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Henderson Police Department, et al.,<br><br>　　　　DefendantS. | Case No. 2:25-cv-00438-RFB-BNW<br><br>**SCREENING ORDER** |

Pro se plaintiff Dexter Farlough initiated this lawsuit by filing an application to proceed *in forma pauperis* and a complaint. ECF Nos. 4, 1-1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, this Court will grant his request to proceed *in forma pauperis*. This Court now screens his complaint.

**I.    Screening standard**

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This court liberally construes pro se complaints and may only

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

## II. Factual allegations

Plaintiff appears to allege that on October 19, 2023, Henderson Police officers went to his apartment and questioned him and a woman in relation to a domestic dispute which may or may not have involved a firearm. Plaintiff alleges the woman in question did not have any bruises on her, but that he showed signs of "defensive wounds." Plaintiff contends that although Officer Norton stated that he could not determine who was the primary aggressor, Officer Norton took Plaintiff to jail. In turn, a criminal complaint, No. 23CR005982, was filed.

It is not clear what happened with that criminal case, but Plaintiff alleges that the confession at issue was coerced, that he had no access to the courts, that his attorney did not defend him properly, and that his speedy trial rights were denied.

Plaintiff asserts the following constitutional violations: "Detained, False Arrest, Miranda warning violations, denied due process and equal protections under the Fifth and Fourteenth Amendments against unlawful search and seizure." He names the following defendants: Henderson Police Officer Gerald Norton, Henderson Police Officer R. Canales, Assistant City Attorney Marc Schifalacqua, and Deputy Public Defender Phung Jefferson.

## III. Analysis

At the outset, this court notes there are no factual allegations against Henderson Police Officer R. Canales, Assistant City Attorney Marc Schifalacqua.[1] As a result, these defendants are dismissed with leave to amend.

***

---

[1] Should Plaintiff wish to amend, he should be aware that prosecutorial immunity protects eligible officials when they are acting pursuant to their official role as advocates performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Such immunity applies regardless of allegations of malice, bad faith, or conspiracy. *See Ashelman v. Pope*, 793 F.2d 1072, 1077–78 (9th Cir. 1986) (en banc). As a result, Assistant City Attorney Marc Schifalacqua may be immune from prosecution.

A.     **42 U.S.C. § 1983 claims**

Based on the allegations above, Plaintiff appears to assert claims under 42 U.S.C. § 1983 This court provides a brief analysis of what is required to assert such claims below.

Section 1983 creates a cause of action against a "person who, under color of any [state law], subjects, or causes to be subjected, any [person] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A plaintiff bringing a claim under § 1983 must show that "(1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id.* (citation omitted).

i.     **False Arrest**

To state a claim for False Arrest, a plaintiff must allege facts establishing that a defendant arrested them "without probable cause or other justification." *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001); *see also Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992) ("Arrest by police officers without probable cause violates the Fourth Amendment's guarantee of security from unreasonable searches and seizures, giving rise to a claim for false arrest under § 1983.").

Based on the above facts, Plaintiff has sufficiently stated a claim for a violation of the Fourth Amendment against Officer Norton in his individual capacity. But before this claim can proceed, Plaintiff must indicate what happened with the charges stemming from this arrest. That is due to the fact that a civil action "is barred if success in the action would 'necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'" *Lemos v. County of Sonoma*, 40 F.4th 1002, 1005 (9th Cir. 2022) (en banc) (quoting *Heck v. Humphrey*, 512 U.S. 477 (1994)). *Heck* bars a civil action when the plaintiff's "criminal conviction is fundamentally inconsistent with the unlawful behavior" for which damages are sought. *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc). To put it another way, *Heck* bars a civil claim if the plaintiff's success on that claim "would necessarily imply the invalidity of his conviction or

sentence." *Heck*, 512 U.S. at 487. As a result, before a plaintiff may pursue an action in which the claim arose from "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid," the plaintiff must first prove he had his conviction vacated or otherwise favorably terminated. *Id*. As a result, this Court will dismiss this claim with leave to amend. Should Plaintiff seek amendment, he must indicate what happened with the criminal case.

### ii.  **Coerced confession**

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Using a coerced confession against the accused in a criminal proceeding implicates this Fifth Amendment privilege. *See, e.g.*, *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 427–29 (9th Cir. 2010).[2]

Plaintiff does not provide sufficient facts to explain why his confession was "coerced" or why he was "under duress." Moreover, he does not identify the officer who was allegedly responsible for this interrogation. As explained above, *Heck* may bar this claim if the coerced confession resulted in a conviction that has not been set aside or otherwise invalidated. This court will dismiss this claim with leave to amend. Should Plaintiff amend this claim he must indicate what role, if any, these confessions played in the criminal case.

### iii.  **Remaining claims**

Plaintiff also alleges, in conclusory fashion, that he had no access to the courts, that his attorney did not defend him properly,[3] and that his speedy trial rights were denied. Given the lack of facts supporting each of these claims, this Court will dismiss them with leave to amend.

***

---

[2] To the extent Plaintiff is simply alleging that he was not provided *Miranda* warnings, such a violation does not constitute "the deprivation of [a] right . . . secured by the Constitution" for purposes of § 1983. *Vega v. Tekoh*, 597 U.S. 134 (2022). As a result, he would not be able to state a § 1983 claim based on those alleged facts.

[3] Plaintiff should be aware that Deputy Public Defenders are immune from a § 1983 claim. *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–18 (1981). Moreover, to the extent Plaintiff is raising an ineffective assistance of counsel claim, it must be brought in a habeas corpus petition under 28 U.S.C. § 2254, which addresses "a person in custody pursuant to the judgment of a State court . . . on the grounds that he is in custody in violation of the Constitution or laws . . . of the United States."

### iv. Instructions for Amendment

Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, if Plaintiff files an amended complaint, each claim *and the involvement of each specific defendant* must be alleged sufficiently. This Court cannot refer to a prior pleading or to other documents to make Plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

## IV. Conclusion

**IT IS THEREFORE ORDERED** his *in forma pauperis* application (ECF No. 4) is GRANTED. Plaintiff will not be required to pay the filing fee in this action.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the complaint is dismissed with leave to amend. Plaintiff will have until May 7, 2025, to file an amended complaint. Failure to do so by that deadline may result in a recommendation that the case be dismissed. *See* LR IA 11-8.

DATED: April 21, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE