**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Dexter Farlough,

Plaintiff,

v.

Henderson Police Department, et al.,

Defendants.

Case No. 2:25-cv-00438-RFB-BNW

**ORDER**

This Court previously screened Plaintiff's complaint. ECF No. 3. This Court dismissed his claims with leave to amend. *Id*. Since then, Plaintiff filed an amended complaint (ECF No. 7) and a second amended complaint (ECF No.8). Given that the second amended complaint supersedes the amended complaint, this Court will screen the second amended complaint (ECF No. 8) as required by 28 U.S.C. § 1915(e)(2).

**I.    ANALYSIS**

**A.    Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B.      Screening the complaint

Section 1983 creates a cause of action against a "person who, under color of any [state law], subjects, or causes to be subjected, any [person] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A plaintiff bringing a claim under § 1983 must show that "(1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id*. (citation omitted).

At the outset, this Court notes that Plaintiff does not allege the violation of any constitutional right in his second amended complaint. Instead, he alleges the violation of several state statutes (i.e., NRS 171.1223, 171.1225, etc.). As explained above, to state a claim under § 1983, a plaintiff must allege that the conduct at issue violated a constitutional or federal statutory right. In the body of his second amended complaint, he does mention that certain acts violated his Fifth Amendment right and also provides sufficient facts to raise a claim under the Fourth Amendment for False Arrest. Beyond that, it is not clear what other claims Plaintiff is attempting to assert.

/ /

/ /

*1. Coerced Confession*

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Using a coerced confession against the accused in a criminal proceeding implicates this Fifth Amendment privilege. *E.g., Crowe v. Cnty. of San Diego*, 608 F.3d 406, 427–29 (9th Cir. 2010).

Plaintiff alleges that Officer Gerald Norton of the Henderson Police Department obtained a coerced confession from him stemming from the domestic violence incident on October 19, 2023. According to the complaint, Officer Norton pressured him into signing a written statement, which Plaintiff contends was not voluntary. Moreover, Plaintiff alleges the statement was inconsistent with the evidence (which showed that Plaintiff was defending himself). It appears Plaintiff is alleging that this statement was used for an ensuing prosecution, which was ultimately dismissed. As a result, this claim may proceed against Officer Norton, in his individual capacity.

*2. False Arrest*

To state a claim for False Arrest, plaintiff must allege facts establishing that defendants arrested them "without probable cause or other justification." *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001); *see also Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992) ("Arrest by police officers without probable cause violates the Fourth Amendment's guarantee of security from unreasonable searches and seizures, giving rise to a claim for false arrest under § 1983.").

Plaintiff alleges Officer Norton arrested him without probable cause after a domestic violence investigation. He claims Officer Norton relied on a coerced statement that was inconsistent with the evidence. In turn, Plaintiff alleges he was detained for about eight days before the case was ultimately dismissed for lack of evidence. As a result, this claim may proceed against Officer Norton, in his individual capacity.

*3. Other claims*

Because the complaint is disorganized and difficult to follow, it is not clear what claims—if any—Plaintiff intends to bring beyond allegations of false arrest and a coerced confession

against Officer Norton.[1] That is because the second amended complaint does not organize the allegations according to the different claims and does not always name the defendants that are allegedly responsible for the different violations. As a result, any other claims and/or Defendants will be dismissed leave to amend.

**C.    Instructions for Amendment**

Plaintiff is advised that if he files a third amended complaint, Plaintiff must file it no later than April 20, 2026. Failure to file a third amended complaint by this deadline may result in his case only proceeding based on the claims identified above. In addition, Plaintiff should be aware that the second amended complaint (ECF No. 8) no longer serves any function in this case. The third amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

**II.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Fourth Amendment False Arrest claim may proceed against Officer Norton in his individual capacity.

**IT IS FURTHER ORDERED** that Plaintiff's Fifth Amendment Coerced Confession claim may proceed against Officer Norton in his individual capacity.

**IT IS FURTHER ORDERED** that any other claims and/or Defendants are dismissed with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file a third amended complaint, he must do so by April 30, 2026. Failure to file a third amended complaint by this deadline may result in his case being dismissed.

---

[1] Plaintiff names Clark County as a Defendant. But a municipality (which includes Clark County) may be found liable under 42 U.S.C. § 1983 only if the municipality itself caused the violation at issue. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)). To state a claim for municipal or county liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *City of Canton*, 489 U.S. at 385. Of note, it appears that the municipality at issue here would be the City of Henderson—and not Clark County. In addition, Plaintiff references other defendants, including R. Canales, Mark Schifalacqua, and Phung Jefferson, but the complaint does not clearly explain their respective roles or identify which claims are asserted against them.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to: (1) issue summons to Officers Norton; (2) deliver the summons along with 1 copies of the complaint (ECF No. 8) to the U.S. Marshal for service; and (3) mail Plaintiff 1 blank copies of Form USM-285. Once Plaintiff receives the USM-285 forms, Plaintiff must fill in Defendant Norton's last-known address so that he may be served.

**IT IS FURTHER ORDERED** that Plaintiff shall have until April 6, 2026, to send the U.S. Marshal the required Form USM-285. Within twenty-one days after receiving a copy of the Form USM-285 back from the U.S. Marshal showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Defendant Norton was served. If Plaintiff wishes to have service again attempted on an unserved defendant, Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said Defendant or whether some other manner of service should be attempted.

DATED: March 16, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE