**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Dexter SC Farlough, | Case No. 2:25-cv-00438-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR PUBLICATION** |
| Gerald Norton, | |
| Defendant. | |

Before this Court is Plaintiff's motion for publication as to Defendant Gerald Norton. ECF No. 27. For the reasons discussed below, Plaintiff's motion is granted.

## I.   BACKGROUND

The present motion is substantially similar to Plaintiff's previous motion for publication at ECF No. 19. This prior motion was denied without prejudice for failure to address the specific requirements of Nevada Rule of Civil Procedure ("NRCP") 4.4(c). ECF No. 22. The present motion, however, was filed concurrently with an affidavit of due diligence which addresses NRCP 4.4(c). ECF No. 28.

## II.   DISCUSSION

### A.   Service of Process Standard

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Federal Rule of Civil Procedure ("FRCP") 4. FRCP 4(e) governs service of individuals located within a judicial district of the United States. This provision states that service

is proper by serving an individual in accordance with the law of the state where the district court is located. FRCP 4(e)(1).

This Court is in the District of Nevada. NRCP 4.4(c) permits service by publication when the following eight requirements are met. The litigant must:

1. Establish that the service methods provided in NRCP 4.2, 4.3, and 4.4(a) and (b) are impracticable;

2. Demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment;

3. Establish through pleadings or other evidence that a cause of action exists against the defendant;

4. Demonstrate that the defendant is a necessary or proper party to the action;

5. Set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant;

6. Provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought;

7. Suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and

8. Provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found.

NRCP 4.4(c).

This Court will address each requirement in turn. First, Plaintiff has provided evidence that the U.S. Marshals Service was unsuccessful in personally serving Defendant Norton pursuant to NRCP 4.2. ECF No. 28 at ¶ 1; *see also* ECF No. 15. Both the Henderson Police Department and the Henderson City Clerk's Office refused to accept service on behalf of Defendant Norton. ECF No. 15 at 1. Thus, Plaintiff has shown that service under NRCP 4.2 is impracticable.

2

NRCP 4.3 governs service outside Nevada, which is inapplicable here. Plaintiff's allegations and research indicate that Defendant Norton is an officer employed by the Henderson Police Department and presumably a resident of Nevada. ECF No. 8; *see also* ECF No. 28 at ¶¶ 9-10, 18-19. NRCP 4.4(a) permits service as prescribed by statute, but this Court is unaware of any applicable statute in this matter. Service under these two provisions is also impracticable.

Finally, NRCP 4.4(b) permits court-ordered service through alternative methods. Though this Court has determined that NRCP 4.4(b) permits service by email,[1] Plaintiff states he does not know and is unable to find Defendant Norton's email address. ECF No. 28 at ¶ 7. Accordingly, Plaintiff has established that service under NRCP 4.4(b) is similarly impracticable.

The second and fifth requirements of NRCP 4.4(c) go hand in hand. Plaintiff's affidavit discusses his attempts to find Defendant Norton's address through social media, Defendant Norton's employer, online search engines, and public records—all to no avail. ECF No. 28 at ¶¶ 6-19. Plaintiff has thus satisfied the rule's second and fifth requirements.

As for the third requirement, a cause of action is "[a] group of operative facts giving rise to one or more bases for suing" or a "legal theory of a lawsuit." *Cause of Action*, Black's Law Dictionary (11th ed. 2019). Plaintiff's legal theory, as set forth in his pleadings, is that Defendant Norton falsely arrested him and coerced his confession. ECF Nos. 8, 10. As the only remaining defendant in this action, Defendant Norton is also a necessary and proper party under the fourth requirement. Plaintiff has met the third and fourth requirements of NRCP 4.4(c).

Regarding the sixth requirement, a summons was previously issued for the attempted service by the U.S. Marshals. ECF No. 11. Plaintiff included this summons within his current motion. ECF No. 27 at 20. This Court finds that including this summons satisfies the sixth requirement of NRCP 4.4(c). Plaintiff has also satisfied the seventh requirement, as he suggests

---

[1] *See Huang v. Carney*, 2:19-cv-00845-GMN-BNW, 2020 WL 1044009, at *2 (D. Nev. Mar. 3, 2020).

publication in the Las Vegas Review Journal. Though Defendant Norton's address is unknown, he likely resides within the general Las Vegas area due to his apparent employment with the Henderson Police Department. Publication in the Las Vegas Review Journal is reasonably calculated to give Defendant Norton actual notice, since this publication serves the Henderson area as well.

The final requirement of NRCP 4.4(c) is also met. Plaintiff explains that he does not know Defendant Norton's home address despite diligent attempts to locate this information. ECF No. 28 at ¶¶ 13-14, 19. Plaintiff does provide, however, the last known address related to Defendant Norton—that of the Henderson Police Department. ECF No. 27 at ¶¶ 3, 19. Plaintiff further states that he is unaware of any other addresses associated with Defendant Norton. ECF No. 28 at ¶ 19.

**B.      Plaintiff's Service by Publication Before This Court's Approval Was Improper**

Though the present motion satisfies NRCP 4.4(c), Plaintiff contacted and paid the Las Vegas Review Journal to publish the summons to Defendant Norton *before* this Court's ruling on his motion. ECF No. 29. This service was done without court authorization and, therefore, procedurally defective. Accordingly, Plaintiff is required to re-publish the summons. **The publication at ECF No. 29 will not be considered proper service upon Defendant Norton.**

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**III.     CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's motion for service by publication (ECF No. 27) is GRANTED. The August 11, 2026 deadline to serve Defendant Norton remains unchanged.

IT IS FURTHER ORDERED that Plaintiff must publish the summons and complaint in the Las Vegas Review-Journal at least once a week for a period of four weeks. Service will be deemed complete four weeks from the date of the first publication. **This Court reminds Plaintiff that the publication at ECF No. 29 is invalid, and he must re-publish the summons.**

DATED: July 13, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

5