**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Dexter SC Farlough,<br>Plaintiff,<br>v.<br>Gerald Norton,<br>Defendant. | Case No. 2:25-cv-00438-RFB-BNW<br>**ORDER** |

Before this Court is Defendant Gerald Norton's motion for a more definite statement under Federal Rule of Civil Procedure 12(e). ECF No. 36. Plaintiff opposed, ECF No. 37, and Norton replied, ECF No. 40. For the reasons set forth below, the motion is granted.

## I. LEGAL STANDARD

A party may move for a more definite statement of a pleading "to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion "must point out the defects complained of and the details desired." *Id.* Rule 12(e) motions are proper only when the pleading is so indefinite that the defendant cannot ascertain the nature of the claims being asserted against him. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996).

The rule operates alongside Rules 8 and 10. A complaint must contain "a short and plain statement of the claim," each allegation "must be simple, concise, and direct," and each claim founded on a separate transaction or occurrence should be stated in a separate count when doing so would promote clarity. Fed. R. Civ. P. 8(a)(2), 8(d)(1), 10(b). A complaint that fails to make clear "who is being sued, for what relief, and on what theory" does not satisfy these requirements, even if it contains potentially viable claims. *McHenry v. Renne*, 84 F.3d 1172,

1177–80 (9th Cir. 1996). Although the Court construes pro se filings liberally, pro se litigants must follow the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

## II. **DISCUSSION**

This Court agrees with Norton. In screening the second amended complaint, this Court found it "disorganized and difficult to follow," noting that it does not organize the allegations according to the different claims and does not always name the defendants allegedly responsible for each violation. ECF No. 10 at 3–4. Construing the pleading liberally, this Court allowed two claims to proceed against Norton: a Fourth Amendment false-arrest claim and a Fifth Amendment coerced-confession claim. *Id.* at 3. But that screening determination identified which claims may proceed; it did not identify which of the second amended complaint's allegations make up each claim.

Here, Norton cannot reasonably prepare an answer. Rule 8(b) requires him to admit or deny each allegation, and he should not have to guess whether a given allegation is meant to support the false-arrest claim or the coerced-confession claim. *See McHenry*, 84 F.3d at 1179–80. Plaintiff's opposition does not resolve this problem. It cites case law on the exclusionary rule and a federal conspiracy statute, refers Norton to the second amended complaint and the original complaint, and adds a new narrative of the events of October 19, 2023. ECF No. 37 at 2–5. None of that tells Norton which allegations support which claim against him.

Plaintiff's opposition also asks this Court to enter default against Norton and award damages. ECF No. 37 at 4. Those requests are not properly before this Court because a request for affirmative relief must be made in a separate motion, not embedded in an opposition. *See* LR IC 2-2(d). This Court notes motions to that effect are currently pending.

/ / /

/ / /

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Gerald Norton's motion for a more definite statement (ECF No. 36) is **GRANTED**.

**IT IS FURTHER ORDERED** that by November 6, 2026, Plaintiff must file a document titled "More Definite Statement" that:

1. Separately states his Fourth Amendment false-arrest claim against Norton and identifies the factual allegations supporting that claim;
2. Separately states his Fifth Amendment coerced-confession claim against Norton and identifies the factual allegations supporting that claim; and
3. States those allegations in short, numbered paragraphs, each limited as far as practicable to a single set of circumstances, so that Norton can admit or deny them.

The More Definite Statement must be complete in itself. Plaintiff may not incorporate by reference his prior complaints, his opposition, police reports, or other documents. Plaintiff should describe what Norton did, when, and how that conduct supports each claim. He need not cite case law, and he may not use the More Definite Statement to add new claims or new defendants.

**IT IS FURTHER ORDERED** that Norton must respond to the second amended complaint, as clarified by the More Definite Statement, within 14 days after service of the More Definite Statement. Fed. R. Civ. P. 12(a)(4)(B).

/ / /

/ / /

/ / /

/ / /

/ / /

Plaintiff is cautioned that if he does not timely comply with this order, this Court may strike the pleading or issue any other appropriate order, Fed. R. Civ. P. 12(e), including a recommendation that his claims against Norton be dismissed.

DATED this 6th day of October 2026.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE