**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Dexter SC Farlough,

Plaintiff,

v.

Henderson Police Department, et al.,

Defendants.

Case No. 2:25-cv-00438-RFB-BNW

**ORDER**

Plaintiff filed two motions for leave to file a third amended complaint. ECF Nos. 70, 87. He has also filed various documents relating to discovery requests, service, and the discovery plan and scheduling order. This order will address each motion and issues related to Plaintiff's other filings.

## I. MOTIONS FOR LEAVE TO AMEND

### A. Plaintiff's First Motion for Leave (ECF No. 70) Is Denied

Plaintiff moved for leave to file a third amended complaint. ECF No. 70. Plaintiff did not attach a proposed third amended complaint to his motion. He instead filed a proposed third amended complaint separately, but it was incomplete. ECF No. 73. Defendant Gerald Norton responded to the motion and proposed complaint as filed. ECF No. 82. The next day, Plaintiff filed a notice of errata purporting to submit the complete proposed third amended complaint, but no complaint was attached. ECF No. 85. He concurrently filed a "Master Index of Physical Disclosure Exhibits" in support of his motion, which contained a list of various exhibits but no actual attachments. ECF No. 86.

A motion for leave to amend must attach the proposed amended pleading. LR 15-1(a). The proposed amendment must be complete in itself without reference to the superseded pleading. *Id.* Because Plaintiff has failed to file a complete proposed third amended complaint,

this Court cannot evaluate whether amendment should be permitted. This Court therefore denies Plaintiff's motion for leave to amend (ECF No. 70) without prejudice.

Because this Court denies the motion at ECF No. 70, it need not address the merits of Plaintiff's three related replies. ECF Nos. 83, 84, 88. Plaintiff is reminded, however, that the Local Rules permit only one reply in support of a motion. *See* LR 7-2(b). This Court also reminds Plaintiff that parties are not permitted to file supplemental pleadings, briefs, authorities, or evidence without leave of court. *See* LR 7-2(g).

**B. Plaintiff's Second Motion for Leave (ECF No. 87) Is Denied**

While his first motion was still pending, Plaintiff filed a second motion for leave to file a third amended complaint based upon "newly revealed" information. ECF No. 87 at 1. In substance, the second motion acts as a supplement to the first motion, and this Court will treat it as such. *See Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (courts construe a filing by its substance, not its title). A party may not file a supplement without leave of court, and Plaintiff did not seek leave. LR 7-2(g). This Court therefore denies Plaintiff's second motion for leave to amend (ECF No. 87) as an improper supplement.[1]

Plaintiff may file a single renewed motion for leave to amend his complaint by December 7, 2026. A complete proposed third amended complaint must be attached to the motion. *See* LR 15-1(a). Until this Court rules on any renewed motion for leave to amend, the second amended complaint (ECF No. 8) remains the operative complaint, as clarified by Plaintiff's more definite statement (ECF No. 68).

/ / /

/ / /

[1] Even if this Court were to consider ECF No. 87 on its merits, it would still be denied—like Plaintiff's first motion to amend, no complete proposed third amended complaint was attached or otherwise filed. *See* LR 15-1(a).

## II. DISCOVERY AND SERVICE FILINGS

### A. Plaintiff Must Comply with LR 26-7 and Rule 5(d)(1)(A)

Plaintiff filed discovery requests on the docket. ECF No. 91. Discovery requests and responses must be served on the opposing party—they must not be filed with the court until they are used in a proceeding or the court orders otherwise. LR 26-7; Fed. R. Civ. P. 5(d)(1)(A). This Court therefore strikes the filing at ECF No. 91.

Additionally, a party may generally not seek discovery before the parties have held their Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Accordingly, Defendant Norton need not respond to any discovery requests served before the parties' Rule 26(f) conference. Plaintiff may re-serve his discovery requests after the conference. These requests must be served directly on Defendant Norton and not filed with this Court pursuant to LR 26-7 and Rule 5(d)(1)(A).

### B. Plaintiff Must Comply with Local and Federal Filing Rules

Plaintiff's recent filings include numerous notices of service, sometimes titled declarations, affidavits, proofs, and so on. *E.g.*, ECF Nos. 90, 93, 94, 96. Many of these notices are unnecessary or outright prohibited by Local or Federal Rules. For example, Plaintiff filed a "Notice of Service of Discovery Requests." ECF No. 90. Plaintiff need not file a certificate of service for papers which must be served but not filed, such as discovery requests. Fed. R. Civ. P. 5(d)(1)(B)(ii).

Plaintiff also filed a declaration and proof of service for his third amended complaint. ECF Nos. 93, 94. This Court, however, had not yet ruled on Plaintiff's motions for leave to file an amended complaint. In this order, Plaintiff's motions for leave are denied. Plaintiff's service of any purported third amended complaint is thus improper.

Lastly, Plaintiff filed a document titled "Rule 26(f) Conference Rescheduling & Notice of Municipal Service." ECF No. 96. This filing consists entirely of correspondence between

Plaintiff and defense counsel and is not a permitted pleading or motion under Rule 7. This Court therefore strikes ECF Nos. 90, 93, 94, and 96 under LR IC 7-1.

## III. DISCOVERY PLAN AND SCHEDULING ORDER

### A. Plaintiff's Joint Case Management Plan and Motion to Compel Blueprint (ECF No. 89) Is Denied

Plaintiff filed a "Joint Case Management Plan and Motion to Compel Blueprint." ECF No. 89. Despite its title, the filing is signed only by Plaintiff. It also misstates the procedural history: this Court has not granted Plaintiff leave to file a third amended complaint, and this Court denied Plaintiff's motion to extend discovery deadlines as moot. *Compare* ECF No. 89 at 1 *with* ECF No. 81.

To the extent ECF No. 89 seeks to compel discovery, it is premature because the parties have not conferred as required by Rule 26(f). In addition, a motion to compel must include a certification that the movant conferred in good faith with the opposing party. Fed. R. Civ. P. 37(a)(1); LR 26-6(c). Plaintiff's request for this relief is also improper since it was filed within another document, and each request for relief must be filed as a separate document. LR IC 2-2(b). This Court therefore denies ECF No. 89 without prejudice.

An exhibit attached to ECF No. 89 also includes the full names and birth dates of minor individuals. ECF No. 89-2. Such information must be limited to a minor's initials and the year of an individual's birth. Fed. R. Civ. P. 5.2(a); LR IC 6-1. To protect this information, this Court directs the Clerk of Court to seal ECF No. 89-2. Plaintiff must redact this information from any future filings.

### B. Plaintiff's Stipulated Discovery Plan and Proposed Scheduling Order (ECF No. 92) Is Denied

Plaintiff also filed a "Stipulated Discovery Plan and Proposed Scheduling Order." ECF No. 92. This document was signed by neither Plaintiff nor Defendant Norton. This Court will therefore deny ECF No. 92 without prejudice. The parties must jointly file a proposed discovery

plan and scheduling order after holding their Rule 26(f) conference. This filing is due by December 10, 2026. *See* ECF No. 68.

## IV. CONCLUSION

**IT IS ORDERED** that Plaintiff's motions for leave to file a third amended complaint (ECF Nos. 70, 87) are **DENIED without prejudice.** Plaintiff may refile a single renewed motion for leave to amend his complaint by December 7, 2026. A complete proposed third amended complaint must be attached to the motion.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **STRIKE** the filings at ECF Nos. 90, 91, 93, 94, and 96.

**IT IS FURTHER ORDERED** that Plaintiff's joint case management plan and motion to compel blueprint (ECF No. 89) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **SEAL** the exhibit at ECF No. 89-2.

**IT IS FURTHER ORDERED** that Plaintiff's stipulated discovery plan and proposed scheduling order (ECF No. 92) is **DENIED.** The parties must jointly file a proposed discovery plan and scheduling order after holding their Rule 26(f) conference. This filing is due by December 10, 2026. *See* ECF No. 68.

DATED: November 24, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE